UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION at DAYTON

| | | |
|---|---|---|
| JAMES JONES, | : | Case No. |
| 601 W. Wenger Road, Apt. 109 | : | |
| Englewood, Ohio 45322 | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | COMPLAINT AND |
| THE KROGER CO., | : | JURY DEMAND |
| 1014 Vine Street | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| Defendant. | : | |

1. This is an action for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; retaliation in violation of 42 U.S.C. § 2000e-3, 29 U.S.C. §623(d), and O.R.C. § 4112.02 (I) as enforced through O.R.C. § 4112.99; and sex discrimination in violation of 42 U.S.C. § 2000e-2 and O.R.C. § 4112.02 (A) as enforced through O.R.C. § 4112.99.

2 The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as there is a federal question.

3. Venue is proper because all acts complained of occurred in Shelby County, Ohio which is in the Southern District of Ohio, Western Division at Dayton.

4. Plaintiff is a former employee of Defendant.

1

5. Defendant is an employer as defined by 29 U.S.C. § 630(a); 42 U.S.C. § 2000e-b; and O.R.C. § 4112.01 (A)(2).

6. Plaintiff began his employment with Defendant on about October 8, 2008 as an Assistant Manager. He was later promoted to the position of Store Manager at Defendant's store on Needmore Road in Dayton, Ohio.

7. In about 2015, Defendant asked Plaintiff to manage Defendant's store in Sydney, Ohio because Millie Terrell, the female Store Manager was struggling and requested a transfer. Plaintiff went to Sydney and Terrell was transferred to Plaintiff's former store on Needmore Road.

8. Plaintiff quickly came to understand the difficulties with the Sidney store and why Ms. Terrell wanted a change. The Sydney store was historically difficult to manage for several reasons, including recruiting and retaining qualified employees. The store had very high turnover. It was difficult to keep employees and to hire replacements. Despite aggressive recruiting efforts, the store was constantly understaffed.

9. In early 2018, Plaintiff received his performance evaluation for 2017 from Jennifer Barnett, who replaced Ms. Betzler as the District Manager. Plaintiff met standards and was not in any danger of losing his job.

10. In August of 2018, Ms. Barnett, praised Plaintiff for his work on getting the store into "grand opening" shape as part of an initiative called the "Cincinnati Experience." Ms. Barnett took Plaintiff and his staff to a meeting with the District Operations Managers to explain the process that led to their success.

11. Plaintiff's fourth quarter scores for customer satisfaction were significantly higher than earlier in the year and he started in a much better position entering the year of 2019.

12. In the first quarter of 2019, Plaintiff received an award for his performance regarding food safety checks.

13. In early 2019, Nick Rave, Defendant's Labor Relations Manager, told Plaintiff that he had "paid his dues", that he needed to get out of the Sydney store, and that no one should have to spend as many years there as Plaintiff.

14. Plaintiff had previously told both Ms. Betzler and Ms. Barnett that he wanted to advance his career and he discussed the possibility of a transfer to a different store. However, Ms. Betzler discouraged Plaintiff from bidding for a transfer and Ms. Barnett transferred female store managers without requiring them to bid on openings.

15. In April of 2019, Plaintiff was surprised to receive a "Needs Improvement" rating for his performance in 2018. There had not been any prior disciplinary counselling and his objective performance measures for the year were good.

16. In May of 2019, Ms. Barnett put Plaintiff on a Pre-Performance Improvement Plan (PIP). In mid-June of 2019, a formal PIP was issued. Ms. Barnett told Plaintiff that she and Rich Bertell, the District Operations Manager, would spend a day with him to make sure that Plaintiff understood their expectations.

3

17. Plaintiff was often left without key assistant managers and was forced to make do despite the lack of employees and managers. Ms. Barnett and Mr. Bertell told Plaintiff they were having trouble filling the openings at his store, but at the same time, they would pull employees from Sidney to replace needs at other locations. Ms. Barnett and Mr. Bertell sent Plaintiff's best co-managers to other stores and brought in replacements that were not as good. They also allowed several important department manager positions including dairy, pickup, meat, and frozen foods to go unfilled, in many cases, for months.

18. Plaintiff worked diligently to meet the requirements of the PIP. He worked six and seven days a week. Ms. Barnett and Mr. Bertell provided constant criticism and little, if any, constructive feedback. It appears that the PIP, which included subjective criteria as a measure of performance, was implemented to cause Plaintiff to quit and/or justify his termination.

19. On about August 12, 2019, Plaintiff complained to Duane Hatfield, Defendant's Human Resources Director, that he was being discriminated against. To the best of Plaintiff's knowledge, there was no investigation of his complaints. The PIP remained in place.

20. On August 26, 2019, Ms. Barnett and Mr. Hatfield terminated Plaintiff's employment. The stated reason was that Plaintiff had not met the requirements of the PIP.

21. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on about December 18, 2019, and an

amended charge on or about May 19, 2020. The EEOC issued a notice of right to sue on or after September 9, 2020.

## COUNT I
### (Age Discrimination)

22. Plaintiff incorporates Paragraphs 1-21 as if fully restated.

23. Plaintiff is over 40 years of age and is in the protected class. He was qualified for his position and had performed satisfactorily for several years. Plaintiff suffered an adverse action when Defendant terminated his employment. Defendant treated similarly situated substantially younger employees more favorably than Plaintiff. Defendant provided those employees with help or allowed them to transfer to other stores rather than firing them. The stated reason for Plaintiff's termination is a pretext for age discrimination.

24. Defendant violated the ADEA. Defendant's conduct was willful.

## COUNT II
### (Retaliation)

25. Plaintiff incorporates Paragraphs 1-24 as if fully restated.

26. Plaintiff engaged in protected conduct when he complained to Defendant about discrimination approximately two weeks before his termination. Defendant was aware of Plaintiff's protected conduct and retaliated against him by terminating his employment for pretextual reasons.

27. Defendant's conduct violated 42 U.S.C. § 2000e-3, 29 U.S.C. §623 (d), and O.R.C. § 4112.02 (I) as enforced through O.R.C. § 4112.99.

## COUNT III
**(Sex Discrimination)**

28. Plaintiff incorporates Paragraphs 1-27 as if fully restated.

29. Plaintiff is a male. He was qualified for his position. He suffered an adverse action when Defendant refused to allow him to transfer and terminated his employment. Similarly situated female employees who had performance problems were given assistance or allowed to transfer. The stated reason for Plaintiff's termination is a pretext for sex discrimination.

30. Defendant's conduct violated 42 U.S.C. § 2000e-2 and O.R.C. §4112.02(A) as enforced through O.R.C. § 4112.99.

31. As a result of Defendants' conduct, Plaintiff has suffered lost income and benefits and such losses are expected to continue. Plaintiff has further suffered emotional distress and mental anxiety.

32. Wherefore, Plaintiff demands the following:

    a. reinstatement or front pay in lieu thereof;

    b. damages for all lost income and benefits;

    c. compensatory damages;

    d. punitive and/or liquidated damages;

    e. reasonable attorney's fees and costs;

    f. pre-judgment interest; and

    g. all other legal and equitable relief to which he is entitled.

33. Plaintiff demands a trial by jury on all issues triable by jury.

Respectfully submitted,

s/ David Torchia
David Torchia (0015962)
Tobias, Torchia & Simon
302 Mercantile Center
120 E. Fourth Street
Cincinnati, OH 45202
(513) 241-8137
davet@tktlaw.com
Attorney for Plaintiff